IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**CYNTHIA LEWIS, on behalf of**
**her minor son I. L.**                                                                                          **PLAINTIFF**

**V.**                                         **CIVIL ACTION NO. 3:21-CV-114-NBB-RP**

**OLIVE BRANCH MIDDLE SCHOOL,**
**ET AL.**                                                                                                            **DEFENDANTS**

## ORDER DENYING MOTION FOR RECONSIDERATION

Presently before the court is the pro se plaintiff's motion for reconsideration moving this court to reconsider its ruling dismissing her action due to her repeated failures to comply with two separate show cause orders issued by the court. First, the court repeatedly ordered the plaintiff to replace the full name of her minor son in the complaint with his initials. She failed to comply with this order in two subsequently filed amended complaints. Second, the plaintiff was instructed to clarify the identity of the defendants so that service could be properly issued. While she made some attempt to rectify these errors, the body of her second amended complaint contained allegations against an Adam Sikes who was not identified as a defendant in the style of the case but was specifically listed as a defendant in the body of the complaint. The court dismissed this action on August 13, 2021, for failure to comply with the court's clear instructions.

The plaintiff filed the present motion for reconsideration on September 7, 2021, but also subsequently filed a notice of appeal with the Fifth Circuit Court of Appeals. Because she has not set forth adequate grounds for reconsideration in this court, her proper course of action is to proceed with her appeal.

Federal Rules of Civil Procedure 59(e) and 60(b) provide for motions for reconsideration. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). The plaintiff has chosen to proceed

under Rule 60(b), but a motion under either rule must "clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). In ruling on a motion for reconsideration, a court "must strike the proper balance between two competing imperatives: (1) finality and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, the plaintiff asserts, inter alia, that she did not understand the court's show cause orders and that she did not intend Adam Sikes to be a named defendant, though the body of her second amended complaint specifically lists him as a defendant and sets forth allegations against him. The court's show cause orders were quite clear with direct instructions on how the plaintiff could remedy the shortcomings of the complaint and amended complaint, and yet she failed to comply after multiple attempts.

The plaintiff does not satisfy the requirements for a successful motion for reconsideration, and her proper course of action is to proceed with her appeal. Accordingly, the court finds that the plaintiff's motion for reconsideration is hereby **DENIED**.

**SO ORDERED AND ADJUDGED** this 7th day of September, 2022.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE